IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
Tallahassee Division

| | |
|---|---|
| SOUTHEAST STORMWATER ASSOCIATION, INC., et al. | )<br>)<br>) |
| Plaintiffs, | )<br>) Case No. 4:15-cv-579-MW/CAS |
| v. | )<br>) |
| U.S. ENVIRONMENTAL PROTECTION AGENCY, et al., | )<br>)<br>) |
| Defendants. | ) |

**JOINT POSITION STATEMENT**

On September 16, 2019, this Court ordered the parties to submit a joint statement of their positions on two issues: (1) whether there remains a justiciable issue in this case, and (2) how the parties intend to proceed. Supplemental Order, ECF No. 84. The parties have conferred and present their positions below.

**I.   Position of the Plaintiffs**

    **A.   Justiciability**

The case remains justiciable. The rule signed on September 12, 2019 has not yet been published in the Federal Register and no date of publication has been provided. *See* Definition of "Waters of the United States"—Recodification of Pre-Existing Rules, pre-publication version available at https://www.epa.gov/wotus-rule/definition-waters-united-states-recodification-pre-existing-rules-pre-publication-version ("Repeal Rule"). But as the pre-publication Repeal Rule itself

states: "This rule is effective on [insert 60 days from publication]." *Id.* at 2. Thus, there can be no argument that the case now before this Court remains justiciable for at least 60 days from publication of the Repeal Rule in the Federal Register.

If past is prologue, however, this case will remain justiciable for far longer. Rulemaking concerning the phrase "Waters of the United States" has settled into a now familiar pattern of publication, lawsuits, and stays. The wheel will turn again once the federal agencies publish the Repeal Rule. Lawsuits will follow. Stays may too. Any stay would require reversion back to the 2015 Final Rule being challenged here and itself stayed elsewhere. But a ruling in this full-briefed case—and especially the *legal* argument unique to municipal separate storm sewer systems ("MS4")—would break the wheel; it would bring a level of certainty for the municipal interests who filed this lawsuit to establish that a MS4 cannot simultaneously be a "Waters of the United States" and a point source; it might guide the agencies and the intervenor environmental groups as they plan their next steps in the rulemaking process; and it might inform the U.S. Supreme Court's ultimate analysis as litigation concerning the 2015 Final Rule (and/or its successor rules) winds its way back to that Court.

### B.    Proposal to Govern Proceedings

The municipal interests—the plaintiffs here—respectfully ask this Court to rule on the validity of the 2015 Final Rule. They oppose any stay.

## II. Position of the Defendants

### A. Justiciability

A justiciable issue remains in this case. As explained in the Defendants' September 13, 2019 Notice, ECF No. 83, the Administrator of the U.S. Environmental Protection Agency and Secretary of the Army for Civil Works signed a rule on September 12, 2019, repealing the 2015 rule defining "waters of the United States" under the Clean Water Act that is at issue in this litigation. *See* Definition of "Waters of the United States"—Recodification of Pre-Existing Rules, pre-publication version available at https://www.epa.gov/wotus-rule/definition-waters-united-states-recodification-pre-existing-rules-pre-publication-version ("Repeal Rule"). On its face, the Repeal Rule does not go into effect until 60 days after its publication in the Federal Register. *Id*. at 2. The Repeal Rule was submitted to the Federal Register on September 18, 2019, but has not yet been published as of the time of this filing. It is also not known whether any relevant litigation developments concerning the Repeal Rule may arise. At least until the Repeal Rule becomes effective and rescinds the 2015 rule, there remains a jurisdictionally justiciable issue in this case. Even after the Repeal Rule goes into effect, the case may remain justiciable including because of the likelihood of legal challenges to the Repeal Rule that, if successful, could result in reinstatement of the 2015 rule, even if only for the time it takes the Agencies to appeal to a higher court.

**B.     Proposal to Govern Proceedings**

Defendants propose that the Court hold this case in abeyance for 75 days. Most of the Plaintiffs' legal interests are currently protected by preliminary injunctions entered against application of the 2015 rule in the states of Florida, Georgia, and North Carolina. *Georgia v. Pruitt*, 326 F. Supp. 3d 1356, 1360 (S.D. Ga. 2018). As noted above, the Repeal Rule on its face is effective 60 days after it is published in the Federal Register. It is not known when the Repeal Rule will be published in the Federal Register or whether any relevant litigation developments concerning the Repeal Rule may arise. Once the Repeal Rule is in effect, however, the 2015 rule will be rescinded and the pre-2015 regulations will be reinstated, which is the relief Plaintiffs seek in this case. While the case is not yet jurisdictionally moot, abeyance of this case is appropriate until such time as the case may become moot.

Further, Defendants have completed a comprehensive notice-and-comment rulemaking process, and now believe that the 2015 rule is invalid. Since the Court has not yet issued a ruling on the pending summary judgment motions, ECF Nos. 69 & 72, time- and resource-consuming supplemental briefing would be necessary for Defendants to present the United States' new positions on the 2015 rule, as set forth in the Repeal Rule. This may be unnecessary. Rather than engaging in a new round of briefing, abeyance is appropriate at this time.

Under Defendants' proposal, the parties would confer and provide the Court with an updated joint status report and recommendations on whether and what further proceedings are necessary in this Court at the conclusion of the 75-day abeyance period.

### III.  Position of the Intervenor-Defendants

The repeal of the Clean Water Rule will be published in the Federal Register shortly and become effective sixty days after publication. The Court has subject matter jurisdiction until the repeal is effective, but for prudential reasons, should not further entertain challenges to the Rule in the short interim between now and the effective date of the repeal. Instead, the Court should stay proceedings until the repeal becomes effective to avoid expending resources deciding issues that will soon become moot. *See Akiachak Native Cmty. v. U.S. Dep't of Interior*, 827 F.3d 100, 113 (D.C. Cir. 2016) (applying the "well-settled principle of law" that "when an agency has rescinded and replaced a challenged regulation, litigation over the legality of the original regulation becomes moot").

Dated: September 20, 2019                    Respectfully submitted,

**FOR PLAINTIFFS**:

/s/ *Mohammad Jazil*
ADAM BLALOCK
JOSEPH BROWN
DAVID CHILDS
MOHAMMAD JAZIL
Hopping Green & Sams, PA
119 S. Monroe St., Suite 300
Tallahassee, FL 32301
T: (850) 222-7500
F: (850) 224-8551
adamb@hgslaw.com
jbrown@hgslaw.com
davidc@hgslaw.com
mjazil@hgslaw.com

**FOR DEFENDANTS**:

JONATHAN D. BRIGHTBILL
Principal Deputy Assistant Attorney General
Environment and Natural Resources Division

/s/ *Erica Zilioli*
ERICA ZILIOLI
U.S. Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, DC 20044
T: (202) 514-6390
F: (202) 514-8865
Erica.Zilioli@usdoj.gov

**FOR INTERVENOR-DEFENDANTS**:

/s/ *Catherine Wannamaker*
CATHERINE WANNAMAKER
Southern Environmental Law Center
463 King St., Suite B
Charleston, SC 29403
T: (843) 720-5270
F: (843) 414-7039
cwannamaker@selcsc.org

ALISA COE
Earthjustice
111 S. Martin Luther King Jr. Blvd.
Tallahassee, FL 32301
T: (850) 681-0031
F: (850) 681-0020
acoe@earthjustice.org

## CERTIFICATE OF SERVICE

I hereby certify that, on September 20, 2019, I caused a true and correct copy of the foregoing to be served via the Court's CM/ECF system on all registered counsel.

                                                /s/ *Erica Zilioli*